UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LAROY MUSKIN, | Case No. 20-CV-1401 (SRN/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| JEFFREY FIKES, | |
| Respondent. | |

---

This habeas action is before the Court on Petitioner LaRoy Muskin's ("Muskin" or "Petitioner") Notice of Related Case and Request for Reassignment (Dkt. 2) ("Request"). In his Petition, Muskin seeks relief in the form of:

1. Award hard time credit in an amount that properly reflects the seriousness of the invasion of Petitioner's Constitutional Rights; and

2. Order that Petitioner be transferred to home confinement to complete his remaining term of imprisonment.

(Dkt. 1 at 3.) He alleges that he should be transferred to home confinement based on exposure to COVID-19 due to his incarceration at Sandstone FCI. (*See generally id.* at 4-7.) Respondent Jeffrey Fikes filed his response on November 25, 2020. (Dkt. 11.)

In his Request, Muskin seeks reassignment of this case to U.S. Chief District Judge John R. Tunheim and U.S. Magistrate Judge Tony N. Leung on the grounds that his Petition is related to a habeas petition filed by James Tyrone Smith ("Smith") in the case *James Tyrone Smith v. Jeffrey Fikes et al.*, Case No. 20-cv-1294 (JRT/TNL) (D. Minn.), and that the issues in that earlier-filed case substantially overlap with the issues in

this action. (Dkt. 2.) However, the earlier-filed habeas petition was dismissed on November 25, 2020. *Smith v. Fikes*, Case No. 20-cv-1294 (JRT/TNL), Dkt. 15 (D. Minn. Nov. 25, 2020). Smith (along with a plaintiff he sought to add to his habeas petition) was directed to open a new civil rights action, but has not yet paid the filing fee or submitted an Application to Proceed In Forma Pauperis. *Smith et al. v. Jeffrey Fikes et al.*, Case No. 20-cv-2454 (JRT/TNL), Dkt. 3 (D. Minn. Jan. 13, 2021).

Further, whether home confinement is appropriate for a prisoner is based on an individualized determination with respect to the prisoner as set forth in the applicable statute, 18 U.S.C. § 3621. *See* 18 U.S.C. § 3621(b)(2)-(3) (factors to be considered with regard to place of imprisonment include "the nature and characteristics of the offense" and "the history and characteristics of the prisoner"). To the extent Muskin seeks release under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Public Law No. 116-136 (enacted March 27, 2020), the CARES Act does not create new statutory authority for home confinement or alter the individualized nature of the determination; rather, it waives the existing time limitations on home confinement in 18 U.S.C. § 3624(c). *See* Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (enabling the Director to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code").

For these reasons, the Court finds that in view of the different procedural postures of the two cases and the individualized nature of the home confinement determination, re-assignment of this case to Chief Judge Tunheim and Magistrate Judge Leung would not

serve judicial efficiency or uniformity in the law.  The Court therefore recommends denial of Muskin's Request.

Accordingly, based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**: Petitioner's Notice of Related Case and Request for Reassignment (Dkt. 2) be **DENIED**.

Dated: January 21, 2021              *s/Elizabeth Cowan Wright*
                                     ELIZABETH COWAN WRIGHT
                                     United States Magistrate Judge